**FILED**
**CLERK**

10/26/2015 12:08 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNKNOWN STONY BROOK UNIVERSITY
POLICE,

                Accuser,

    -against-

CHRISTOPHER CORRADO,

                Defendant.
----------------------------------------------------------X

<u>ORDER</u>

15-CV-4843 (SJF)(AYS)

FEUERSTEIN, J.

      Defendant Christopher Corrado ("Corrado"), *pro se*, moves for reconsideration of this Court's August 25, 2015 order remanding his case to the New York State, First District Court of Suffolk County ("State Court") pursuant to 28 U.S.C. § 1455(b)(4) ("Remand Order"). The motion for reconsideration is granted and upon reconsideration, the Court adheres to its original decision.

**I.    Background**

      On or about April 16, 2015, Corrado was arrested and charged with assault in the second degree with intent to cause physical injury to an officer, in violation of New York Penal Law § 120.05(3), a D felony. Corrado was arraigned on April 17, 2015 in the State Court under case number 2015SU016208. On August 12, 2015, Corrado filed a Notice of Removal seeking to remove the action to this Court pursuant to 28 U.S.C. §§ 1443(1), 1455. [DE 1, Notice of Removal.] On August 25, 2015, this Court summarily remanded the action to the State Court pursuant to 28 U.S.C. § 1455(b)(4). 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice [of removal of a criminal prosecution] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."). On September 4,

2015, Corrado moved for reconsideration of the Remand Order and subsequently filed ancillary papers in purported support of his motion for reconsideration.

## II. Discussion

Under Section 1455(b)(4), this Court "shall examine the notice [of removal] promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). A defendant may remove a state criminal case to federal court under certain circumstances, such as when the case involves racial inequality and implicates the defendant's civil rights, or where the defendant is a federal officer satisfying certain additional requirements. *Id.* at §§ 1442, 1443; *see City of N. Las Vegas v. Davis*, C.A. No. 13-156, 2013 WL 2394930, at *2 (D. Nev. May 30, 2013) (discussing when criminal defendant may seek to remove case to federal court); *Alabama v. Thomason*, C.A. No. 15-327, 2015 WL 3849637 (M.D. Ala. June 22, 2015) (same, and denying motion for reconsideration); *accord Arizona v. Files*, C.A. No. 13-436, 2013 WL 3379363 (D. Ariz. July 8, 2013) (granting motion for reconsideration because defendant was, *inter alia*, a federal employee falling under § 1442(a)(1)).

None of the limited circumstances supporting removal exist here. [*See* DE 6-7, Mot. for Reconsideration and Notice.] As a result, this Court grants Corrado's motion for reconsideration for the purpose of reviewing his ancillary papers, but it remands his action to the State Court for the reasons stated in the Remand Order.

## III. Conclusion

For the foregoing reasons, the motion for reconsideration is granted, but the action is remanded to the State Court for the reasons stated in the August 25, 2015 Remand Order. The Clerk of the Court shall: (1) mail a certified copy of this Order to the clerk of the New York State Court, Suffolk County, First District Court; (2) close this case; and, (3) pursuant to Rule 77(d)(1) of

the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

    /s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: October 26, 2015
      Central Islip, New York